```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/1/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
US RUBBER CORPORATION,

          Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY,

          Defendant.

23 Civ. 7618 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, US Rubber Corporation ("U.S. Rubber"), brings this action against Defendant, Mt. Hawley Insurance Company ("Mt. Hawley"), for breach of contract and related claims arising under a property insurance policy (the "Policy"). *See generally* Compl., ECF No. 1. Before the Court is Mt. Hawley's motion for partial summary judgment. Mot., ECF No. 45; *see also* Def. Mem., ECF No. 47; Pl. Mem., ECF No. 52; Def. Reply, ECF No. 53. For the reasons stated below, the motion is GRANTED.

BACKGROUND

I.    Factual Background

On August 12, 2022, U.S. Rubber notified Mt. Hawley of wind damage to its property in Texas, making a claim for payment under the Policy. 56.1 ¶¶ 1–2, ECF No. 51; *see generally* Policy, ECF No. 48-2. On September 26, 2022, after investigating the damage, Mt. Hawley's adjuster informed U.S. Rubber that Mt. Hawley had issued a payment of $1,588.72 to U.S. Rubber, which Mt. Hawley believed "represent[ed] the actual cash value of the [c]laim minus the applicable deductible" of $25,000. 56.1 ¶¶ 13–14.

As relevant here, the Policy contained a choice-of-law provision, which provided that "[a]ll matters arising []under [the Policy,] including questions relating to the validity, interpretation,

performance[,] and enforcement of th[e] Policy[,] shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflict of law rules)." Policy at 86.

## II.      Procedural Background

On June 9, 2023, U.S. Rubber sued Mt. Hawley in the U.S. District Court for the Southern District of Texas, asserting claims for breach of the Policy, violations of Texas Insurance Code Chapters 541 and 542 (the "bad faith claims"), and attorney's fees under the Texas Insurance Code and the Texas Civil Practice and Remedies Code. *See* Compl. ¶¶ 18–28. On August 25, 2023, the Honorable Sim Lake granted Mt. Hawley's motion to transfer venue to the Southern District of New York pursuant to a forum-selection clause in the Policy. *See* ECF Nos. 7, 14; Policy at 86 ("Any litigation commenced by any Named Insured . . . against [Mt. Hawley] shall be initiated in New York."). On June 19, 2024, Mt. Hawley filed the motion for partial summary judgment now before the Court. Mot.

## DISCUSSION

## I.      Legal Standard

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict" for the nonmovant. *Anderson*, 477 U.S. at 248.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact by citing to specific evidence in the record. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If the nonmovant bears the burden of proof at trial, the movant may satisfy its initial burden by demonstrating that the nonmovant cannot produce admissible evidence to support the existence of a triable issue of material

fact. *See Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the movant meets its initial burden, the burden shifts to the nonmovant to establish a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. "Although a party opposing summary judgment need not prove its evidence in a form admissible at trial or under the evidentiary standard which will be required, it must show facts sufficient to enable a reasonable mind to conclude that a material dispute of fact exists." *Healey v. Chelsea Res. Ltd.*, 736 F. Supp. 488, 491–92 (S.D.N.Y. 1990) (citation omitted). In deciding a motion for summary judgment, the Court must view the record in the light most favorable to the nonmovant. *Koch*, 287 F.3d at 165.

II. <u>Choice of Law</u>

Mt. Hawley contends that it is entitled to dismissal of U.S. Rubber's claims arising under Texas law because New York law governs the parties' dispute. Def. Mem. at 1–3, 17–18. U.S. Rubber does not contest that its bad faith and attorney's fees claims are not cognizable under New York law. Pl. Mem. at 1. Nor does it dispute that the Policy's choice-of-law provision broadly states that New York law governs "[a]ll matters arising []under [the Policy,] including questions related to the validity, interpretation, performance[,] and enforcement of th[e] Policy." Policy at 86. Instead, U.S. Rubber argues that the choice-of-law provision is invalid and that Mt. Hawley's motion should be denied because applying New York's choice-of-law rules would contravene Texas substantive law and violate the Full Faith and Credit Clause of the U.S. Constitution. Pl. Mem. at 4. The Court disagrees.

As a federal court sitting in diversity, the Court must apply New York's choice-of-law rules. *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012) ("It is well established that a federal court sitting in diversity must generally apply the choice of law rules of the state in which it sits."). Under New York General Obligations Law § 5-1401, the parties to a contract of $250,000 or more "may

3

agree that the law of [New York] shall govern their rights and duties in whole or in part, whether or not such contract . . . bears a reasonable relation to [New York]." In *Ministers & Missionaries Benefit Board v. Snow*, the New York Court of Appeals applied § 5-1401 to hold that "New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract." 26 N.Y.3d 466, 474 (2015). More recently, in *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, the Court emphasized that, under § 5-1401, "when the parties have chosen New York [l]aw, a court may not contravene that choice through a common-law conflicts analysis," even when a non-forum state or foreign country has an interest in the application of its substantive law. 41 N.Y.3d 462, 476 (2024).

Adhering to these rules, New York courts have consistently "refused to consider the public policy of [non-forum] states" when assessing choice-of-law provisions in high-value commercial contracts in which the parties have opted for New York law to apply. *Capstone Logistics Holdings, Inc. v. Navarrete*, No. 17 Civ. 4819, 2018 WL 6786338, at *20 (S.D.N.Y. Oct. 25, 2018) (collecting cases), *aff'd in part and remanded in part*, 796 F. App'x 55 (2d Cir. 2020); *see also La. Revitalization Fund LLC v. Starr Surplus Lines Ins. Co.*, No. 23 Civ. 1006, 2024 WL 1337617, at *4 (S.D.N.Y. Mar. 27, 2024) (collecting additional cases involving insurance policies).

Section 5-1401 applies to the Policy, which indisputably provides for insurance limits exceeding $250,000. *See* Policy at 100; 56.1 ¶ 23; *La. Revitalization Fund LLC*, 2024 WL 1337617, at *4 (finding that an insurance policy with a liability limit exceeding $250,000 was a commercial contract for the purposes of § 5-1401); *HKB Hosp. LLC v. Mt. Hawley Ins. Co.*, No. 23 Civ. 372, 2024 WL 4349508, at *2 (S.D.N.Y. Sept. 30, 2024) (same). Accordingly, the Court must find that New York law governs U.S. Rubber's claims arising under or related to the Policy. Other courts in this District have enforced similar choice-of-law clauses under § 5-1401 on numerous occasions, *see, e.g.*, *La. Revitalization Fund LLC*, 2024 WL 1337617, at *4 (collecting cases); *CBKZZ Inv. LLC v.*

*Renaissance Re Syndicate 1458 Lloyds*, No. 22 Civ. 10672, 2024 WL 728890, at *1 (S.D.N.Y. Feb. 22, 2024), including in disputes that involved the same or similar choice-of-law provisions in other Mt. Hawley insurance policies, *see, e.g.*, *HKB Hosp. LLC*, 2024 WL 4349508, at *2 (concluding that the same New York choice-of-law clause in a Mt. Hawley policy "must be honored," notwithstanding provisions of the Texas Insurance Code); *Ram Krishana, Inc. v. Mt. Hawley Ins. Co.*, No. 22 Civ. 3803, 2024 WL 1657763, at *2 (S.D.N.Y. Apr. 17, 2024) (finding that Louisiana law "has no application" to a Mt. Hawley policy, "given that New York choice-of-law rules apply and *Ministers* directs the application of New York substantive law as selected by the Policy").[1]

Because New York's choice-of-law rules require adherence to the parties' contractual choice-of-law provision notwithstanding Texas' interests in the matter, the Court will apply New York law unless doing so runs afoul of the Full Faith and Credit Clause of the U.S. Constitution. *See* U.S. Const. art. IV, § 1. In *Allstate Insurance Co. v. Hague*, a plurality of the Supreme Court explained that "[f]or a [s]tate's substantive law to be selected in a constitutionally permissible manner" under the Full Faith and Credit Clause, the state "must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." 449 U.S. 302, 312–13 (1981) (plurality opinion). A majority of the Court adopted this rule in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818–19 (1985), and as recently as 2016 reaffirmed that the Full Faith and Credit Clause inquiry does not involve the "complex balancing-of-interests approach" that characterized the Court's early twentieth century

---

[1] U.S. Rubber cites *Dukes Bridge, LLC v. Sec. Life of Denver Ins. Co.*, 2020 WL 1908557, at *40 (E.D.N.Y. Apr. 17, 2020), for the proposition that parties to an insurance agreement may not "contract around" another state's substantive insurance law if the law purports to apply to the parties' agreement. Pl. Mem. at 21. The Court, however, agrees with the Honorable Valerie Figueredo's well-reasoned report and recommendation in *Louisiana Revitalization Fund* that *Dukes* is distinguishable because the contract in that case did not contain a choice-of-law clause and, more importantly, the decision was rendered prior to the Court of Appeals' decision in *Petróleos de Venezuela*, which is binding on this Court. *See* 2024 WL 1337617, at *3–5.

conflict of laws jurisprudence, *Franchise Tax Bd. of Calif. v. Hyatt*, 578 U.S. 171, 179 (2016) (citation omitted).

A choice-of-law clause providing for a specific state's law to govern an agreement is not an insignificant contact with that state. *See, e.g.*, Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 23 (2d Cir. 2004) (describing a choice-of-law clause as "a significant factor in a personal jurisdiction analysis because the parties, by so choosing, invoke the benefits and protections of [the selected state's law]"); *Lehman Bros. Comm. Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.*, 179 F. Supp. 2d 118, 137 (S.D.N.Y. 2000) (distinguishing a state that is connected to a dispute by the parties' "own contractual choice" from one "with no connection to either the parties or the transactions" (emphasis omitted)); Del. Code Ann. Tit. 6, § 2708(a) (providing that a valid choice-of-law provision is "conclusively . . . presumed to be a significant, material[,] and reasonable relationship with [the selected] [s]tate"); Restatement (Second) of Conflict of Laws § 186 ("Issues in contract are determined by the law chosen by the parties . . . ."). Because the parties freely agreed that New York law would apply to a dispute concerning the Policy, the Court finds that it is "neither arbitrary nor fundamentally unfair" for the Court, sitting in New York, to apply New York law consistent with the parties' bargained-for outcome and the forum state's long-established choice-of-law rules. *Hague*, 449 U.S. at 312–13.

U.S. Rubber takes issue with this result, insisting that the Supreme Court should "reform" its Full Faith and Credit Clause caselaw to return to the early twentieth century interest-balancing approach. Pl. Mem. at 28. This Court, however, is not free to disregard the Supreme Court's directives. Under *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941), the Court is obligated to apply "the choice-of-law regime of New York, not Texas," *HKB Hosp.*, 2024 WL 4349508, at *2, and that regime mandates that New York law applies.

6

### III.     Bad Faith and Attorney's Fees Claims under Texas Law

Mt. Hawley contends that U.S. Rubber's bad faith and attorney's fees claims arising under Texas law fall within the scope of the Policy's broad choice-of-law provision because they concern the "interpretation, performance[,] and enforcement of th[e] Policy." Policy at 86; Def. Mem. at 16–17. U.S. Rubber does not argue otherwise. U.S. Rubber neither contests that New York law "does not recognize the tort of bad faith denial of insurance coverage," *Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, No. 05 Civ. 183, 2005 WL 1676704, at *3–4 (S.D.N.Y. Jul. 19, 2005), nor that New York law forbids the recovery of attorney's fees in insurance actions except in narrow circumstances not applicable here, *see Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12, 16 (1979). Indeed, U.S. Rubber concedes that if New York law applies, its "Texas-based tort and attorney's fee[s] claims cannot survive summary judgment." Pl. Mem. at 1. Accordingly, the Court dismisses U.S. Rubber's bad faith and attorney's fees claims as not cognizable under New York law.

### CONCLUSION

For the reasons stated, the Court GRANTS Mt. Hawley's motion for partial summary judgment and DISMISSES, with prejudice, U.S. Rubber's claims under Chapters 541 and 542 of the Texas Insurance Code and U.S. Rubber's request for attorney's fees under the Texas Insurance Code and the Texas Civil Practice and Remedies Code.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 45.

SO ORDERED.

Dated: December 31, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge